**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS FERNANDO TORRES, et al., | CASE NO. CV F 10-0670 LJO GSA |
| Plaintiffs, | **ORDER ON DEFENDANT CITY AND COUNTY'S F.R.Civ.P. 12 MOTION TO DISMISS** (Doc. 22) |
| vs. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

**INTRODUCTION**

Defendants Brian Esteves ("Officer Esteves") and Felix Gonzalez ("Officer Gonzalez") seek to dismiss plaintiffs' assault, wrongful arrest, and related tort claims as barred by immunities and lacking necessary elements. Plaintiffs oppose the motion, arguing that defendants' motion is based on a premise that is factually incorrect and contrary to the allegations of the first amended complaint ("FAC"). The defendants' motion impermissibly asserts facts outside of the complaint, relies on those extrinsic facts, and makes all inferences against the non-movant. For these and other reasons, this Court DENIES defendants' motion to dismiss.

# BACKGROUND

## Summary Of Plaintiffs' Claims

Plaintiffs Luis Fernando Torres ("Mr. Torres"), Alejandro Torres, Aurora Torres and Armando Hernandez (collectively "plaintiffs") occupied a Madera residence. On January 21-22, 2009, defendants, law enforcement officers, forcibly entered the residence while the plaintiffs were asleep. Defendants had no consent, warrant or probable cause to enter the home. Defendants "trained on each of the plaintiffs, thereafter ordering each plaintiff to get out of their respective beds and then detaining each plaintiff by force." Plaintiffs were not free to move about the residence or leave the home. In addition to entering the home illegally, plaintiffs allege that defendants searched the home without consent, warrant, or probable cause. Defendants entered and searched the home, and searched each of the plaintiff's rooms, without permission, consent, warrant or probable cause.

Mr. Torres also asserts that he was arrested falsely during the incident. He alleges that he was arrest without warrant or probable cause. In addition, he alleges that he was not on parole at the time of the incidence.

Based on these and further allegations, plaintiffs assert the following claims against defendants:

1. Assault;
2. Battery;
3. False Arrest by Mr. Torres;
4. Trespass; and
5. Punitive Damages.

The complaint seeks to recover compensatory and punitive damages, costs, and attorneys fees.

This Court dismisses with prejudice and without prejudice the original complaint against the Couty of Madera and the City of Madera, and granted plaintiffs leave to amend. Plaintiffs filed the FAC, naming four officer defendants only. Two of the defendants moved to dismiss on August 9, 2010. Plaintiffs filed an opposition on September 9, 2010. This Court found this motion suitable for a decision without a reply or a hearing, VACATES the September 23, 2010 motion pursuant to Local Rule 230(g), and issues the following order.

///

## STANDARD OF REVIEW

### Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Standards

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*, 2009 U.S. App. LEXIS 15694, *14 (9th Cir. 2009)). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most

favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**DISCUSSION**

In their motion, defendants characterize the facts as follows:

> On January 21, 2009, Madera County Gang Enforcement Team ("MADGET") agents assisted California State Parole agents by conducting a parole operation to include parole searches and compliance checks. California State Parole provided the agents with the names and address of the individuals on parole. Luis Fernando Torres was an individual listed as being on parole. [Plaintiffs] allege that in the course of the search, [defendants] their constitutional rights.

Def. Memo., 2. Based on these unsubstantiated facts, not found in the complaint, defendants set forth the following arguments:

1. A parole search of a person's residence does not violate the Fourth Amendment;
2. The officers are entitled to qualified immunity;
3. The offices are not liable for false arrest, because of Cal. Penal Code section 847(b);
4. The City of Madera is immune from liability pursuant to Cal. Government Code section 845.8; and
5. The City of Madera is immune from liability for the causes of action of assault and battery.

The flaws in defendants' motion and argument are numerous. First, defendants assert and rely on facts that are not found in, and are contrary to, the facts alleged in the FAC.[1] In the terse, one-page opposition, plaintiffs point out that the FAC alleges that none of the plaintiffs were on parole at the time of the entry, search, and arrest. Accepting as true the allegations of the complaint, the plaintiffs had a reasonable expectation of privacy in their home, and had no limitations on Constitutional rights. Second,

---

[1] This Court has previously admonished defendants' counsel about the inappropriate reliance on facts outside of the complaint on a Fed. R. Civ. P. 12(b)(6) motion. The Court against ADMONISHES counsel that future assertion and reliance on extrinsic facts SHALL result in an order to show cause.

4

defendants arguments rely on the assertion that the entry, search, and force used were reasonable. This Court, however, must make all reasonable inferences in favor of the non-movant in a motion to dismiss, as set forth above. Based on the facts alleged, the Court must draw the conclusion that the entry and search of a home without consent, probable cause or warrant is unreasonable. Third, defendants argue that a parole search does not violate the Fourth Amendment. There are no facts to demonstrate it was a parole search, and plaintiffs do not assert a Fourth Amendment claim. Fourth, defendants argue that the City of Madera is immune from liability, but the City of Madera is not a party to this action.

For these and further reasons, this Court DENIES defendants motion to dismiss.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendants' motion to dismiss. The September 23, 2010 hearing on this motion is VACATED.

IT IS SO ORDERED.

**Dated:   September 10, 2010**              /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE